# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

TASHAUN S. HALE,

    *Plaintiff*,

vs.

WARDEN D. NEVENS*, et al.*

    *Defendants*.

3:14-cv-00099-RCJ-WGC

ORDER

    This *pro se* prisoner civil rights suit comes before the Court for initial review of the complaint. Action on the pauper application is deferred at this time.

    When a "prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," the court must "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint: (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

    In considering whether the plaintiff has stated a claim upon which relief can be granted, all material factual allegations are accepted as true for purposes of initial review and are to be construed in the light most favorable to the plaintiff. *See, e.g., Russell v. Landrieu*, 621 F.2d 1037, 1039 (9th Cir. 1980). However, mere legal conclusions unsupported by any actual allegations of fact are not assumed to be true in reviewing the complaint. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). That is, bare and conclusory assertions that constitute merely formulaic recitations of the elements of a cause of action and that are devoid of further factual enhancement are not accepted as true and do not state a claim for relief. *Id.*

Further, the factual allegations must state a plausible claim for relief, meaning that the well-pleaded facts must permit the court to infer more than the mere possibility of misconduct:

> [A] complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." [*Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007).] A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.*, at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.*, at 557, 127 S.Ct. 1955 (brackets omitted).
>
> . . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not "show[n]" - "that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

*Iqbal*, 556 U.S. at 678.

Allegations of a *pro se* complainant are held to less stringent standards than formal pleadings drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519 (1972).

Plaintiff Tashaun Hale seeks compensatory and punitive damages as well as declaratory and injunctive relief from High Desert State Prison ("High Desert") Warden D. Nevens, Nevada Department of Corrections ("NDOC") Director James G. Cox, High Desert Associate Warden Lisa Walsh, fictitiously named correctional officers, and a generically named inspector general. All defendants except for the generically named inspector general are sued both in their official and individual capacity.

In Count I, plaintiff alleges that he was subjected to cruel and unusual punishment in violation of the Eighth Amendment when prison officials failed to protect him from being raped by his cell mate.

Even if the specific factual allegations of Count I *arguendo* states a claim for relief in the abstract, plaintiff has not stated a claim against a currently identifiable defendant. Even if the count states a claim against unit correctional officers, the allegedly involved officers are named only fictitiously. Plaintiff further alleges conclusorily that the High Desert "A.W.O." and

his caseworker were directly responsible. Neither is named as a defendant, even generically or fictitiously and such a conclusory allegation of involvement does not state a claim for relief against a particular defendant. Plaintiff similarly alleges that defendants Neven and Cox are directly responsible, and he refers in the listing of defendants to their being responsible for safety and security at the institution. However, there is no *respondeat superior* vicarious liability under § 1983 by a supervisory official for the alleged acts of subordinates. A supervisory official may be held liable in his individual capacity only if he either was personally involved in the constitutional deprivation or a sufficient causal connection existed between his unlawful conduct and the constitutional violation. *See, e.g., Jackson v. City of Bremerton*, 268 F.3d 646, 653 (9th Cir. 2001). Count I thus fails to state a claim upon which relief may be granted against any currently identifiable defendant.[1]

In Count II, plaintiff alleges that he was denied due process of law and equal protection of the laws in violation of the Fourteenth Amendment. He alleges that Nevens, Cox, Walsh, and the generically named inspector general refused to timely and adequately process his grievances regarding the alleged rape.

Count II does not state a claim upon which relief may be granted against any defendant. It is established law that an inmate does not have a constitutional right to have his grievances either decided or processed in a particular manner. *See, e.g., Seely v. Gibbons*, 2013 WL 6440206 (9th Cir. Dec. 10, 2013); *Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003). Further, an alleged violation of a state corrections department administrative regulation regarding grievance procedures does not give rise to a deprivation of a protected liberty interest for purposes of the due process clause. *See, e.g., Sandin v. Conner*, 515 U.S. 472 (1995). Finally, no equal protection claim arises on the facts alleged. Not every dissimilar treatment of allegedly similarly situated individuals violates the constitutional guarantee of equal protection of the laws.

---

[1] If the complaint does not state a claim upon which relief may be granted against any identifiable defendant, there will be no one upon whom to effect service. Service cannot be effected on a fictitiously or generically named defendant.

In Count III, plaintiff alleges that he was denied due process of law and equal protection of the laws in violation of the Fourteenth Amendment. He alleges that the generically named inspector general engaged in "investigative misconduct" in some unspecified manner, tying up the grievance process.

Count III fails to state a claim against the generically named defendant for substantially the same reasons stated above as to Count II. Plaintiff, again, has no constitutional right to having his grievances processed in a particular manner. It follows with greater force that an inmate has no constitutional right to having an investigation conducted in a particular manner as it relates to the processing of grievances. Count III states no viable claim regarding the alleged adequacy of the investigation of the alleged rape separate and apart from the rape.

The complaint further does not state a claim for relief against any defendant in their official capacity for monetary damages. First, claims for monetary damages from a defendant in their official capacity are barred by state sovereign immunity under the Eleventh Amendment. *See, e.g., Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989); *Cardenas v. Anzal*, 311 F.3d 929, 934-35 (9th Cir. 2002). Second, state officials sued in their official capacity for monetary damages also are not "persons" subject to suit under 42 U.S.C. § 1983. *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 & n.10 (1989).

Moreover, any claims for injunctive relief are moot as plaintiff no longer was held at High Desert when the complaint was filed.

The complaint therefore will be dismissed without prejudice, subject to an opportunity to amend to correct the deficiencies identified herein, to the extent possible. The Court declines the exercise of supplemental jurisdiction over the state law claims alleged. The Nevada two-year statute of limitations has not expired as of this juncture.

IT THEREFORE IS ORDERED that the Clerk of Court shall file the complaint and that the complaint is DISMISSED without prejudice for failure to state a claim, subject to an opportunity to amend to correct the deficiencies identified herein, to the extent possible.

IT FURTHER IS ORDERED that plaintiff shall have **thirty (30) days** within which to mail an amended complaint to the Clerk for filing. If plaintiff does not timely mail an amended

complaint correcting the deficiencies in the original complaint, final judgment will be entered dismissing the action without further advance notice.

IT FURTHER IS ORDERED that plaintiff shall clearly title any amended complaint filed as an amended complaint by placing the word "AMENDED" immediately above "Civil Rights Complaint" on page 1 in the caption and shall place the docket number, **3:14-cv-00099-RCJ-WGC**, above the word "AMENDED" in the space for "Case No." Under Local Rule LR 15-1, any amended complaint filed must be complete in itself without reference to prior filings. Thus, any allegations, parties, or requests for relief from prior papers that are not carried forward in the amended complaint no longer will be before the Court.

The Clerk shall SEND plaintiff with two copies of a blank § 1983 complaint form and one copy of the instructions for same, along with a copy of the original complaint that he submitted.

DATED:  May 28, 2014

_____
ROBERT C. JONES
United States District Judge